IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIETGOAL INNOVATIONS LLC, <br><br> v. <br><br> KELLAN RESTAURANT MANAGEMENT CORP. D/B/A 54TH STREET GRILL, | § § § § § § § | Civil Action No. 2:12-cv-761 <br> **LEAD CASE** |
| DIETGOAL INNOVATIONS LLC, <br><br> v. <br><br> CHIPOTLE MEXICAN GRILL, INC., | § § § § § § | Civil Action No. 2:12-cv-764 <br> CONSOLIDATED |

**PLAINTIFF DIETGOAL INNOVATIONS LLC'S ANSWER TO DEFENDANT CHIPOTLE MEXICAN GRILL, INC.'S AMENDED COUNTERCLAIMS**

Plaintiff DietGoal Innovations LLC ("DietGoal") hereby answers the Amended Counterclaims of Defendant Chipotle Mexican Grill, Inc. ("Chipotle") to the Amended and Supplemental Complaint for Patent Infringement ("Counterclaims") filed on November 26, 2013, Dkt No. 217.

**ANSWER TO COUNTERCLAIMS**

Unless otherwise addressed herein with an admission, Plaintiff DietGoal generally denies all allegations in the Counterclaim. Each specific allegation is addressed as follows:

**PARTIES**

43. Counterclaim Plaintiff Chipotle is a Delaware corporation with a principal place of business in Colorado.

**ANSWER:** DietGoal does not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and, therefore, denies the same.

44. On information and belief based solely on Paragraph 1 of the Complaint as pled by DietGoal, Counterclaim Defendant DietGoal is a Texas limited liability company based in Austin, Texas, as pled in Paragraph 1 of the Complaint.

**ANSWER:** DietGoal admits that it is a Texas limited liability company based in Austin, Texas.

## JURISDICTION AND VENUE

45. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction pursuant to the 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367 and 2201-02.

**ANSWER:** DietGoal admits that this Court possesses jurisdiction, but denies that Chipotle is entitled to any relief.

46. Venue of these counterclaims in this District and the Marshall Division is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

**ANSWER:** DietGoal admits that venue is proper in this District and the Marshall Division, but denies that Chipotle is entitled to any relief.

## FIRST COUNTERCLAIM
### (Declaratory Relief Regarding Non-Infringement)

47. As a result of DietGoal's filing of this action and Chipotle's First Defense, an actual controversy exists between the parties regarding whether Chipotle infringes on the Patent, or on any claims contained in the '516 Patent Reexamination Certificate.

**ANSWER:** DietGoal admits that a controversy exists between the parties, but denies that Chipotle is entitled to any relief.

48. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Chipotle requests that the Court issue a declaration that it does not infringe any claim of the

Patent or Reexamination Certificate under any theory, including directly (whether individually or jointly), indirectly (whether contributorily or by inducement), literally, or under the doctrine of equivalents.

**ANSWER:** DietGoal admits that Chipotle purports to seek a declaratory judgment of non-infringement, but denies that Chipotle is entitled to any relief.

## SECOND COUNTERCLAIM
### (Declaratory Relief Regarding Invalidity)

49. As a result of DietGoal's filing of this action and Chipotle's Second Defense, an actual controversy exists between the parties regarding the validity of the claims of the Patent, as well as those found within the '516 Patent Reexamination Certificate.

**ANSWER:** DietGoal admits that a controversy exists between the parties, but denies that Chipotle is entitled to any relief.

50. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and 35 U.S.C. § 100 *et seq.*, Chipotle requests that the Court issue a declaration that the claims of the Patent and Reexamination Certificate are invalid.

**ANSWER:** DietGoal admits that Chipotle purports to seek a declaratory judgment of invalidity, but denies that Chipotle is entitled to any relief.

## THIRD COUNTERCLAIM
### (Declaratory Relief Regarding Unenforceability)

51. Chipotle incorporates by reference the allegations set forth in Paragraphs 43-50 above as if fully set forth herein.

**ANSWER:** DietGoal incorporates and realleges by reference the denials and admissions of Paragraphs 43 through 50 as if fully set forth herein.

52. Individuals involved in the original prosecution and the reexamination of the '516 Patent, including but not limited to at least Dr. Alabaster, knowingly and intentionally withheld prior art that was material to the examination and reexamination of the application that issued as the '516 Patent: specifically, the Dr. Health'nstein's Body Fun reference.

**ANSWER:** Denied.

53. Dr. Alabaster, Plaintiff DietGoal, and others involved in the preparation, prosecution, and reexamination of the '516 Patent knew of the materiality of one or more of the material references and made a deliberate decision to withhold one or more of the material references to the U.S. Patent and Trademark Office with the knowing and deliberate intent to deceive the U.S. Patent and Trademark Office.

**ANSWER:** Denied.

54. As a result of these actions, the patent, including those claims found within the '516 Patent Reexamination Certificate, should be declared unenforceable against anyone under the doctrine of inequitable conduct, or at lease unenforceable against Chipotle under the doctrine of unclean hands.

**ANSWER:** Denied.

55. Chipotle maintains that this case is exceptional under 35 U.S.C. § 285, and intends to seek attorney's fees associated with this counterclaim.

**ANSWER:** Denied.

### CHIPOTLE'S PRAYER FOR RELIEF

With respect to Chipotle's Prayer for Relief, DietGoal denies that Chipotle is entitled to any of the relief sought by its Counterclaim.

## DEMAND FOR JURY TRIAL

Chipotle demands trial by jury on all issues so triable.

**ANSWER:** The foregoing paragraph does not require a response by DietGoal; however, should a response be required, DietGoal denies any allegations.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIM

As affirmative defenses, DietGoal alleges as follows:

1. Chipotle has failed to state a claim upon which relief can be granted with respect to its Counterclaim.

2. Chipotle has failed to state facts or a legal basis sufficient to permit recovery of its attorneys' fees or expenses for defending this suit.

3. DietGoal intends to rely upon any other defense that may become available in this case and hereby reserve the right to amend this Answer to assert any such defense.

Dated: December 11, 2013	Respectfully submitted,

**BUETHER JOE & CARPENTER, LLC**

By:	*/s/ Monica Tavakoli*
	Christopher M. Joe (Lead Counsel)
	State Bar No. 00787770
	Chris.Joe@BJCIPLaw.com
	Eric W. Buether
	State Bar No. 03316880
	Eric.Buether@BJCIPLaw.com
	Brian A. Carpenter
	State Bar No. 03840600
	Brian.Carpenter@BJCIPLaw.com
	Monica Tavakoli
	State Bar No. 24065822
	Monica.Tavakoli@BJCIPLaw.com
	Niky Bukovcan
	State Bar No. 24078287
	Niky.Bukovcan@BJCIPLaw.com
	Michael D. Ricketts
	State Bar No. 24079208
	Mickey.Ricketts@BJCIPLaw.com

	1700 Pacific Avenue
	Suite 4750
	Dallas, Texas 75201
	Telephone:	(214) 635-1839
	Facsimile:	(972) 656-0967

**THE LAW OFFICES OF DAMON YOUNG**

	Damon M. Young
	State Bar No. 2176700
	damon@dylawoffices.com

	4122 Texas Blvd.
	P.O. Box 1897*
	Texarkana, Texas 75503 (*04)
	Telephone:	(903) 794-1303
	Facsimile:	(903) 792-5098

	**ATTORNEYS FOR PLAINTIFF
	DIETGOAL INNOVATIONS LLC**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 11th day of December, 2013. Any other counsel of record will be served by facsimile transmission and first class mail.

                                       */s/ Monica Tavakoli*
                                       Monica Tavakoli