**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| DIETGOAL INNOVATIONS LLC § | |
| § | |
| v.  § | Case No.  2:12-CV-761-JRG-RSP |
| § | |
| KELLAN RESTAURANT MANAGEMENT § | |
| CORP. D/B/A 54TH STREET GRILL & BAR § | |

## ORDER AMENDING DOCKET CONTROL ORDER

Before the Court is Dietgoal's Emergency Motion to Modify the Docket Control Order (Dkt. 157) and the Parties' Joint Motion to Amend the Docket Control Order (Dkt. 203).  At the Motion hearing on November 11, 2013, the Court ordered the parties to meet and confer regarding an amended docket control order to accommodate the claims resulting from the reexamination.  The parties' remaining dispute centers around whether the Local Patent Rule Four claim construction deadlines are limited only to the new claims.  Plaintiff takes the position that the parties should be afforded the opportunity to wholly revisit their claim construction positions as to all terms. (Dkt. 203 at 3-4.)  However, at the hearing, Plaintiff specifically agreed "with respect to claim construction issues, we're not going to have to redo the work that has already been done. … we should go through the Rule Four procedure of identifying any claim construction issues **in the newly asserted claims**."  The Court's decision to allow the newly asserted claims was conditioned on Plaintiff's assurances that the entire claim construction process would not need to be completed again.  Thus, the Court finds it appropriate to limit the upcoming Rule Four filings to the newly asserted claims.

Notwithstanding this limitation, if either party believes that there is a material dispute as to the meaning of a claim term that would not be otherwise construed by the Court according to

these guidelines, that party may file a motion setting forth a written explanation of the material claim construction dispute that exists.  For example, the party must explain how a product infringes or does not infringe under a particular construction or explain how a prior art reference invalidates or does not invalidate an asserted claim under a particular construction.  The parties are **strongly** cautioned that an attempt to use this process as an "end around" the prior agreement that the Rule Four process should be limited to newly asserted claims will not be viewed kindly by the Court.

In view of the considerations above, the Court **GRANTS** the Motions and **ORDERS** that the below Docket Control Order will be controlling in this case.

**SIGNED this 12th day of December, 2013.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| DIETGOAL INNOVATIONS LLC, | § | |
| --- | --- | --- |
| | § | |
| v. | § | Case No. 2:12-CV-761-JRG-RSP |
| | § | |
| KELLAN RESTAURANT MANAGEMENT | § | |
| CORP. D/B/A 54TH STREET GRILL & | § | **LEAD CASE** |
| BAR | § | |

## AMENDED DOCKET CONTROL ORDER

In accordance with the Court's scheduling conference held in this case, it is hereby

ORDERED that the following schedule of deadlines is in effect until further order of this Court:

| June 2, 2014 | *Jury Selection – 9:00 a.m. in **Marshall, Texas** |
| --- | --- |
| May 19, 2014 | *Pretrial Conference – 1:30 p.m. in **Marshall, Texas** |
| May 14, 2014 | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| May 12, 2014 | *File Joint Pretrial Order, Proposed Jury Instructions, Proposed Verdict Form, and Responses to Motions *in Limine* |
| May 5, 2014 | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |
| April 28, 2014 | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| April 28, 2014 | Serve Objections to Rebuttal Pretrial Disclosures |

| April 24, 2014 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
|---|---|
| April 14, 2014 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| May 14, 2014 | Reply Briefs re Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions) |
| May 7, 2014 | Oppositions to Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions) |
| April 23, 2014 | *File Dispositive Motions or Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No dispositive motion or motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| April 21, 2014 | Deadline to Complete Expert Discovery |
| March 31, 2014 | Serve Disclosures for Rebuttal Expert Witnesses |
| March 7, 2014 | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| March 4, 2014 | Deadline to Complete Mediation<br><br>The parties are responsible for ensuring that a mediation report is filed no later than 5 days after the conclusion of mediation. *See* L.R. App. H. |
| March 7, 2014 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| March 7, 2014 | Defendants' final election of 9 prior art references |
| March 10, 2014 | *Deadline to File Letter Briefs Regarding Dispositive Motions |
| February 25, 2014 | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| February 4, 2014 | *Claim Construction Hearing – 9:00 a.m. in **Marshall, Texas** |
| February 7, 2014 | Plaintiff's final election of 8 asserted claims. |
| January 23, 2014 | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| January 21, 2014 | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| January 13, 2014 | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) |
| January 13, 2014 | Defendants' preliminary election of 18 prior art references |

| | |
|---|---|
| December 30, 2013 | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any) |
| December 30, 2013 | Deadline to Substantially Complete Document Production and Exchange Privilege Logs<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| December 30, 2013 | Plaintiff's preliminary election of 15 asserted claims. |
| December 30, 2013 | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| December 23, 2013 | Comply with P.R. 4-3 (Joint Claim Construction Statement)<br><br>The P.R. 4-3 submission shall include the required information for the terms identified in both the September 3, 2013 and December 16, 2013 P.R. 4-1 exchanges. |
| December 20, 2013 | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions)<br><br>Limited to terms from the claims newly asserted in the November 18, 2013 amended infringement contentions. |
| December 16, 2013 | Comply with P.R. 4-1 (Exchange Proposed Claim Terms)<br><br>Limited to terms from the claims newly asserted in the November 18, 2013 amended infringement contentions. |
| December 16, 2013 | Serve invalidity contentions relating to new claims from the re-examined '516 Patent |
| November 18, 2013 | Serve amended infringement contentions relating to the re-examined '516 Patent |

(*) indicates a deadline that cannot be changed without showing good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## ADDITIONAL REQUIREMENTS

**Notice of Mediator**: The parties are to jointly file a notice that identifies the agreed upon mediator or indicates that no agreement was reached. If the parties do not reach an agreement, the Court will appoint a mediator. The parties should not file a list of mediators to be considered by the Court.

**Summary Judgment Motions**: Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief

in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than the deadline for filing letter briefs.  Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter.  Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter.  The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.  Letter briefs shall be filed without exhibits.  Any requests to submit letter briefs after the deadlines outlined above must show good cause.

**Indefiniteness**:  In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Form of the Pretrial Order and Pretrial Disclosures**:  The Court will issue a standing order governing the form of the pretrial order and pretrial disclosures at least four months prior to trial.  The parties may obtain a copy of the order from the Court's website at that time.

**Motions for Continuance**:  The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)  The fact that there are motions for summary judgment or motions to dismiss pending;

(b)  The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)  The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**IT IS SO ORDERED.**