**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| DIETGOAL INNOVATIONS LLC § <br> § <br> v.   § <br> § <br> KELLAN RESTAURANT MANAGEMENT § <br> CORP. D/B/A 54TH STREET GRILL & BAR § | Lead Case No.  2:12-CV-761-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is Defendant General Mills Sales, Inc. ("GM") Motion to Transfer Venue to the Eastern District of Virginia (Dkt. No. 55, filed July 3, 2013).  GM argues that the Eastern District of Virginia is a clearly more convenient forum for this case.  Plaintiff DietGoal Innovations LLC opposes transfer.  After considering all of the record evidence and weighing the various factors, the Court finds that the Eastern District of Virginia is a clearly more convenient venue.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a) (2006).  The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case.  *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963); *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d

1315, 1319 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198; *In re TS Tech*, 551 F.3d at 1319.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *In re Volkswagen II*, 545 F.3d at 315; *In re Nintendo*, 589 F.3d at 1200; *In re TS Tech*, 551 F.3d at 1319. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15.

Timely motions to transfer venue "should [be given] a top priority in the handling of [a case]," and "are to be decided based on 'the situation which existed when suit was instituted.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re EMC Corp.*, Dkt. No. 2013-M142, 2013 WL 324154 (Fed. Cir. Jan. 29, 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 443 (1960)).

## DISCUSSION

### A. Proper Venues

The parties do not dispute that this case could have been brought in the Eastern District of Virginia or the Eastern District of Texas.

### B. Private and Public Interest Factors

This Court has analyzed the public and private interest factors at great length in transferring several other Dietgoal cases to the Eastern District of Virginia. (*See, e.g.*, 2:12-cv-561.) That analysis also applies here. However, the Court notes that in addition to the factors analyzed in the parallel cases, General Mills did not diligently pursue its effort to transfer, waiting over a year after filing and only doing so after this Court had extensively familiarized itself with this case and issued several key rulings – this may alone serve as a basis to deny the Motion. *See*, *e.g., In re VTech Comm'ncs, Inc*., Misc. No. 909, 2010 WL 46332 (Fed. Cir. Jan. 6, 2010). However, the Court finds that in light of the prior analysis regarding the private factors pertaining to Dietgoal and third party witnesses set forth in this Court's previous venue rulings in the Dietgoal cases, and the fact that judicial economy favors the Eastern District of Virginia because they have a number of co-pending cases with issues similar to the ones raised here, transfer is appropriate in this case.

## CONCLUSION

After considering all of the relevant evidence and factors, the Court finds that Eastern District of Virginia is a clearly more convenient venue. Accordingly, it is **ORDERED** that this case be transferred to the Eastern District of Virginia.

**SIGNED this 25th day of March, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE