# EXHIBIT 1

# Fish & Richardson p.c.

1717 Main Street
Suite 5000
Dallas, TX

Telephone
214-747-5070

Facsimile
214-747-2091

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Neil J. McNabnay
214 292-4051

Email
mcnabnay@fr.com

March 27, 2014

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

**BY ELECTRONIC CASE FILING**
Hon. Roy Payne, U.S. Magistrate Judge
U.S. District Court, Eastern District of Texas
100 East Houston Street
Marshall, Texas 75670

> RE:  DIETGOAL INNOVATIONS, LLC V. KELLAN RESTAURANT MANAGEMENT CORP. D/B/A 54TH STREET GRILL . ET AL.
> Civil Action No. 2:12-CV-761- JRG-RSP (E.D. Tex.) (Consolidated)

Your Honor:

Defendant Red Robin International, Inc. hereby responds to Plaintiff DietGoal Innovations, LLC's March 10, 2014 letter brief (D.I. 368-1) seeking leave to file, *inter alia*, a summary judgment motion regarding Red Robin's affirmative defense of laches.  Because the factual record includes material issues of fact germane to Red Robin's laches defense, this issue is not ripe for summary judgment and DietGoal's request should be denied.

Extant questions of fact can and should preclude summary judgment on the issue of laches.  *See, e.g.*, *Baker Hughes, Inc. v. Davis-Lynch, Inc.*, No. H-97-2905, 2000 U.S. Dist. LEXIS 21844, at *65-66 (S.D. Tex. June 22, 2000) (*citing Fuji Machine Mfg. Co. Ltd. v. Hover-Davis, Inc.*, 60 F. Supp. 2d 111, 116 (W.D.N.Y. 1999).  DietGoal filed suit against Red Robin on October 7, 2011, accusing infringement of U.S. Patent No. 6,585,516 by the "Customizer" interface available on www.redrobin.com.  (D.I. 8).  As set forth in Red Robin's written discovery responses and deposition testimony provided pursuant to Rule 30(b)(6) notice, its accused Customizer was launched in November 2005, nearly *six years* prior to the filing of suit.  It is well-settled that a plaintiff's delay of six years after a claim accrues creates a rebuttable presumption of laches.  *Pei-Herng Hor v. Ching-Wu Chu*, 699 F.3d 1331, 1334 (Fed. Cir. 2012).  The period of delay is measured from the time the plaintiff know or reasonably should have known of the defendant's alleged infringing activities to the date of suit, and can

FISH & RICHARDSON P.C.

Hon. Roy Payne
March 27, 2014
Page 2


start to run any time after the issuance of the patent. *Id.* at 1334-35. Here, the '516 patent in suit issued in 2003, two years prior to the launch of the Customizer onto Red Robin's pubic website.

The timing of the Customizer's launch (at 5 years, 11 months prior to the filing of DietGoal's suit) does not defeat Red Robin's defense of laches. It is similarly well-settled that "[t]he length of time which may be deemed unreasonable has no fixed boundaries but rather depends on the circumstances." *A.C. Aukerman, Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992). A laches defense focuses not on the six-year line in the sand, but on "the dilatory conduct of the patentee and the prejudice which the patentee's delay has caused." *Id.* at 1032-33. "A federal court may dismiss a suit where the plaintiffs' lack of diligence is wholly unexcused; and both the nature of the claim and the situation of the parties was such as to call for diligence." *Id.* at 1033. The launch of Red Robin's accused interface onto a public website nearly 6 years prior to DietGoal's filing of suit gives rise to a material issue of fact that necessarily prevents DietGoal's efforts toward summary judgment. Red Robin's affirmative defense warrants attention by the Court at trial.

\*   \*   \*

For at least these reasons, Defendant Red Robin respectfully asks that the Court deny DietGoal's request (D.I. 368-1) to file a summary judgment motion regarding Red Robin's affirmative defense of laches. We would make ourselves available on these issues at the Court's convenience for further briefing and/or oral hearing. We appreciate the Court's attention to this matter.

Sincerely,

*/s/ Neil J. McNabnay*

Neil J. McNabnay


cc:   Counsel of record (notice via CM/ECF, copy by electronic mail)