# EXHIBIT A



T<small>IM</small> C<small>RADDOCK</small>  
T<small>IM</small>.C<small>RADDOCK</small>@BJCIPL<small>AW</small>.<small>COM</small>

214.730.5660 / D<small>IRECT</small> D<small>IAL</small>  
972.707.1248 / F<small>AX</small>

March 28, 2014

The Honorable Rodney Gilstrap  
Sam B. Hall, Jr. Federal Building and United States Courthouse  
100 East Houston Street  
Marshall, Texas  75670

    Re:   *DietGoal Innovations LLC v. Kellan Restaurant Management Corp. d/b/a 54th Street Grill & Bar*;  
            Civil Action No. 2:12-cv-00761-JRG-RSP (Consolidated Lead)

            *DietGoal Innovations LLC v. Marco's Franchising, LLC*;  
            Civil Action No. 2:12-cv-00770-JRG-RSP

Dear Judge Gilstrap:

    Plaintiff DietGoal Innovations LLC ("DietGoal") writes to address Defendant Marco's Franchising LLC's ("Marco's") request for permission to file a motion for summary judgment of non-infringement of U.S. Patent No. 6,585,516 ("the '516 Patent"), Dkt No. 360, Ex. 1 ("Marco's Brief").  For the reasons explained below, the request should be denied.

### I.    Legal Standard

    Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F<small>ED</small>. R. C<small>IV</small>. P. 56(c).  Material facts are those necessary to the proof or defense of a claim, and are determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

    "In ruling on a motion for summary judgment, the district court is required to view the evidence presented in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *C.R. Bard, Inc.*, 911 F.2d 670, 672 (Fed. Cir 1990).  The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets its burden, then the nonmoving party must produce enough evidence to rebut the moving party's claim and

The Honorable Rodney Gilstrap
March 28, 2014
Page 2

create a genuine issue of material fact. *See id*. at 322-23. If the nonmoving party meets this burden, then the motion will be denied.

## II.   Customized Eating Goals

### A.   Marco's Interpretation of the Court's Claim Construction Order is Improper

The Court's Claim Construction Order construes "customized eating goals" as "computer implemented, user-specific, dietary objectives." Dkt No. 308 at 21. The Court rejected the notion that customized eating goals are *solely* within a user's mind, explaining that the claims, specification and file history require that the goals be computer implemented. *Id*. at 19. Similarly, the Court states that the goals may not be *merely* a mental process. *Id*. at n 4. These statements do not, however, support Marco's argument that *no* mental step (*i.e.*, the goal originating from the user) is permitted. Specifically, Marco's argument rests on its contention that this Court's construction of "customized eating goal" requires that Marco's Accused Instrumentality "must be able to recognize a specific user and their input of dietary objectives into the accused system." Marco's Brief at 5. In other words, Marco's insist that the customized eating goal *must* be accessible by the system. This position was unequivocally rejected by the Court, which declined to "read[] a new limitation into the claim as Defendants request." Dkt No. 308 at 20. Despite the Court's clear ruling, Marco's continues to pursue an interpretation of the "customized eating goal" limitation that requires the customized eating goal to be accessible by the system.

### B.   DietGoal's Infringement Theory Shows that Marco's Accused Instrumentality Includes Customized Eating Goals

DietGoal asserts independent claims 2 and 13 against Marco's Accused Instrumentality.[1] Dr. Bryan P. Bergeron opined that Marco's Accused Instrumentality includes "customized eating goals" in his expert report served on March 7, 2014.[2]

#### i.   Marco's Accused Instrumentality

Marco's Accused Instrumentality allows a user to create or change a meal by, for example, allowing the user to select a size, crust, veggies & more, meat, and cheese for a pizza. *See, e.g.*, Bergeron Expert Report, Corrected Addendum E at ¶¶ 10, 32. Marco's

---

[1] DietGoal does not assert claims 1, 3, 5, or 6 against Marco's Accused Instrumentality. Accordingly, any arguments Marco's makes regarding claims 1, 3, 5, or 6 are moot and responses to such arguments by DietGoal are not necessary.

[2] The Expert Report of Dr. Bryan P. Bergeron (the "Bergeron Expert Report") was originally served on March 7, 2014 and included a "Main Report" as well as an Addendum E, which included Dr. Bergeron's infringement analysis of Marco's Accused Instrumentality. Dr. Bergeron served a Corrected Addendum E on March 21, 2014.

The Honorable Rodney Gilstrap
March 28, 2014
Page 3

Accused Instrumentality also allows a user to create or change a meal by selecting a size, crust, and predefined Specialty Pizza, for example, the Deluxe Uno, Garden, or White Cheezy Specialty Pizzas. *Id.* When a user creates a meal, Marco's Accused Instrumentality presents to the user the dietary values associated with the meal, one or more of which the user can adopt or choose as the user's customized eating goals. *Id.* at ¶¶ 12, 38. The user may adopt or choose one or more values associated with the meal, such as calories, total fat, saturated fat, or protein, as the user's customized eating goals. *Id.* The user may alternatively add or remove items to and from the meal. *Id.* at ¶¶ 13, 39. When a user does so, Marco's Accused Instrumentality shows modified dietary values associated with the meal. The user may adopt or choose one or more of these dietary values associated with the modified meal as the user's customized eating goals. *Id.*

These dietary objectives are computer-implemented because they are part of the computer-implemented Marco's website, including for example, the HTML, JavaScript and other software components comprising the website. *Id.* at ¶¶ 15, 41. In particular, the Marco's Accused Instrumentality includes software that implements user-specific dietary objectives including, for example, but accessing the nutrition information associated with the user-selected food items, calculating the total dietary values of such user-selected food items, and displaying such totals to the user. *Id.* In effect, Marco's Accused Instrumentality implements the user's specific chosen dietary objective by presenting the user with optional dietary objectives associated with specific meals that the user can adopt or choose as the user's specific dietary objective. *Id.* These dietary objectives are specific to the user, as the user adopts one or more of the dietary values associated with a meal selected and/or built as the user's dietary objective. *Id.* at ¶¶ 16, 42.

### III.    Picture Menus

Dr. Bryan P. Bergeron opined that Marco's Accused Instrumentality includes "Picture Menus" in his expert report served on March 7, 2014.[3]

#### A.    Marco's Interpretation of the Court's Claim Construction Order is Improper

The Court's Claim Construction Order construes "Picture Menus" as "a visual display of at least one image of a meal that a user can select a meal from." Dkt No. 308 at 29. Marco's seeks summary judgment based on its assertion that the www.marcos.com/nutrition-calculator page does not meet the "Picture Menus" limitation of claim 13. Marco's Brief at 3-4. Marco's mischaracterizes the Accused Instrumentality in multiple respects. First, Marco's attempts to limit the Accused Instrumentality to one particular page, the www.marcos.com/nutrition-calculator page. *Id.* However, as explained in DietGoal's Complaint, its Amended P.R. 3-6(a)(1) Infringement Contentions served on March 10, 2014, and Dr. Burgeron's Expert Report, the Accused Instrumentality is the www.marcos.com

---

[3] *See* note 2 above.

The Honorable Rodney Gilstrap
March 28, 2014
Page 4

website and its related pages, including but not limited to the www.marcos.com/nutrition-calculator page. *See* Complaint, Civil Action No. 2:12-cv-00770-JRG-RSP, Dkt No. 1 at 2; P.R. 3-6(a)(1) Amended Infringement Contentions at 1; Bergeron Expert Report, Corrected Addendum E at ¶ 1. A proper understanding of the Accused Instrumentality undermines all of Marco's arguments regarding Picture Menus as these arguments focus on whether particular limitations are missing from particular portions of the Accused Instrumentality rather than the Accused Instrumentality in its entirety. As the "Picture Menus" limitation only requires that the displayed image be of a meal that the user can select, evidence exists showing that the Marco's Accused Instrumentality meets the "Picture Menus" limitation of claim 13.

i. **Marco's Accused Instrumentality**

Marco's Accused Instrumentality has a "visual display of at least one image of a meal that a user can select a meal from." For example, Marco's Accused Instrumentality displays images of Marco's Specialty Pizzas, including its Deluxe Uno, Garden, and White Cheezy Specialty Pizzas on at least one page of the Marco's Accused Instrumentality. Bergeron Expert Report, Corrected Addendum E at ¶¶ 34-36; FIG. 1 below. These images correspond to the Specialty Pizzas a user can select from using the Nutrition Calculator feature on the http://www.marcos.com/nutrition-calculator page of the Marco's Accused Instrumentality. Bergeron Expert Report, Corrected Addendum E at ¶¶ 34-36; FIG. 2 below.




FIG. 1                                                                 FIG. 2

The Honorable Rodney Gilstrap
March 28, 2014
Page 5

As such, the Marco's Accused Instrumentality meets the "Picture Menus" limitation of claim 13 because the Accused Instrumentality displays images of meals that the user can select.

## IV.     Conclusion

Marco's is not entitled to summary judgment of non-infringement and its request to file a motion seeking same should be denied. As discussed above, Dr. Bergeron opined that the Accused Instrumentality includes computer implemented, user-specific, dietary objectives that satisfy the "customized eating goals" limitation and a visual display of at least one image of a meal that a user can select a meal from that satisfies the "Picture Menus" limitation. This evidence, when taken in the light most favorable to DietGoal, establishes that there is a genuine dispute of material fact. For these reasons, Marco's fails to meet it burden to demonstrate that summary judgment is proper. Although there is no merit to Marco's proposed summary judgment motion regarding the "customized eating goals" limitation, DietGoal believes the preparation of this case for trial can be streamlined if the Court were to confirm that the "customized eating goals" are not required to be "known" by or accessible to the accused instrumentality, as the Court held in its claim construction ruling.

Sincerely yours,

Tim Craddock

TC:nn